# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD DAVIS, JR., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 12-5002 |
| CITY OF PHILADELPHIA, et al., | |
| Defendants. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                             **MARCH 22, 2013**

      Presently before this Court is Plaintiff, Reginald Davis Jr.'s ("Plaintiff"), Motion for the Appointment of Counsel. For the reasons set forth below, this Motion is denied. Furthermore, Plaintiff's claims are dismissed for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     BACKGROUND**

    **A.     *Procedural History***

      Plaintiff filed suit under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants, the City of Philadelphia ("Philadelphia"), Sergeant Coapono ("Coapono"), and Correctional Officers Clayton ("Clayton") and Young ("Young") (collectively "Defendants"). (Compl. at 1.) In his Complaint, Plaintiff alleges that on May 30, 2012, while incarcerated at the House of Correction, which is located in and operated by the City of Philadelphia, Pennsylvania, he was subjected to an "illegal strip search" administered by Coapono, Clayton and Young. (Id. at 3.) As a result of this "illegal strip search," Plaintiff claims to have suffered physical injury in the form of cuts and

bruises, and mental suffering in the form of anguish and distress. (Id.)

We granted leave for Plaintiff to proceed *in forma pauperis* on January 14, 2013. (See Doc. 4.) On March 5, 2013, Plaintiff filed a Motion for the Appointment of Counsel. (See Doc. No. 9.)

### B.     *Plaintiff's Complaint*

The facts of the case as asserted by Plaintiff are as follows. On the morning of May 30, 2012, the correctional officers at the House of Correction performed a "shakedown" of the E-1 Block Unit presumably in search of contraband. (Compl. at 3.) At this time, Plaintiff was housed in a cell on this block. (Id.) Plaintiff heard the correctional officers order his cellmate to remove his clothing and undergo a "strip search," to which the cellmate complied. (Doc. 5 ¶ 12-14.) Next, the officers ordered Plaintiff to remove all of his clothing. (Id. ¶ 15.) Plaintiff refused to comply and kept on his underwear. (Id.) Plaintiff informed officers Young and Clayton that the "strip search" was a violation of his Constitutional rights, and requested that they get a supervisor. (Id. ¶ 17-18.) The officers called for Sergeant Coapono. (Id.) Coapono entered the cell and Plaintiff "politely" informed Coapono that "it would be a violation of his (Plaintiff's) civil rights to bend over and turn around and spread cheeks and cough." (Id. 18.) Coapono responded by commanding the Plaintiff to perform these actions. Plaintiff refused, was forcibly restrained by the officers and made to perform the actions. (Id. ¶¶ 21, 24.) After the completion of the search, Plaintiff was released from the restraints, and the officers proceeded to perform the strip search on the other inmates on E-1 Block. (Id.)

## II. STANDARD OF LAW

Indigent litigants are provided access to the federal courts through the *in forma pauperis* statute. See Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also 28 U.S.C. § 1915(a). Where a prisoner is proceeding *in forma pauperis* in a civil action, the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review the complaint. Specifically, the Act requires district courts to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Pfeiffer v. Hutler, No. 12-1335, 2012 WL 4889242, at *2 (D. N.J. Oct. 12, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)).

## III. DISCUSSION

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Ruff v. Healthcare Adm'r, 441 Fed. App'x 843, 845 (3d Cir. 2011). We are cognizant of Plaintiff's pro se status and interpret his Complaint accordingly.

To state a proper claim for relief under § 1983, a complaint must sufficiently allege a deprivation of a right secured by the Constitution. Weldon v. Cywinski, 222 Fed. App'x 205, 297 (3d Cir. 2007) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). In the Complaint, Plaintiff contends that he was subject to a "constitutionally impermissible strip search." (Compl. at 3.) We interpret Plaintiff's claim to implicate the Fourth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their

persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. These protections are not absolute, but are rather, subject to a "reasonableness" determination. Id. In prison settings, the Fourth Amendment protections provided an inmate are limited. Hudson v. Palmer, 468 U.S. 517, 524-26 (1984); see e.g. Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001) (asserting prisoner's do not have a Fourth Amendment right to privacy in their cells). This "curtailment" of rights "is necessary, as a practical matter, to accommodate a myriad of institutional needs and objectives of prison facilities, chief among which is internal security." Hudson, 468 U.S. at 524-26.

Viewing the Complaint in a light most favorable to Plaintiff, we find that Plaintiff has failed to raise a valid Fourth Amendment claim for which relief may be granted. An inmate does not possess the right to be free from strip searches. Bell v. Wolfish, 441 U.S. 520, 559-60 (1979). In Bell v. Wolfish, 441 U.S. 520, 559-60 (1979), the Supreme Court found that strip searches of inmates may be done without probable cause, and are legal so long as they are done in a reasonable manner. Accordingly, the Court found that the prison's policy of strip and visual body cavity searches, requiring inmates to stand naked, lift their genitals and bend over and spread their buttocks for visual inspection, did not violate an inmate's Fourth Amendment rights. Id. at 558; see also Brown v. Blaine, 185 Fed. App'x 166, 169-70 (3d Cir. 2006) (finding no constitutional violation where inmate was required to lift his penis and testicles, spread his buttocks and then place his hands on his head and sweep his mouth with his fingers).

The facts averred by Plaintiff in the Complaint show that he was subject to an even less intrusive search than those found constitutional in Bell and Brown. Here, Plaintiff was only required to bend over, spread his buttocks and cough while officers performed a visual inspection

for contraband. Officers resorted to use force to effectuate the search only after Plaintiff refused to comply multiple times to the officers' commands. In addition, the officers used only the amount of force necessary to complete the search, and released Plaintiff immediately after completion. Plaintiff complains of suffering "emotional distress" and "total embarrassment" from the strip search being conducted in front of women correctional officers. Such harm does not support a cognizable claim because body cavity searches, even if humiliating and embarrassing, do not violate the Constitution. Millhouse v. Arbasak, 373 Fed. App'x 135, 137 (3d Cir. 2010); Brown, 185 Fed. App'x at 169-70; Miller v. Trometter, No. 11-811, 2012 WL 5933015, at *16 (M.D. Pa. Nov. 27, 2012).

Accepting as true all of the factual allegations in the Complaint, as well as all reasonable inferences that can be drawn from them, we find that Plaintiff has failed to allege the deprivation of a constitutionally protected right. Therefore, Plaintiff's claims shall be dismissed under § 1915(e)(2)(B) because they fail to state a claim for which relief may be granted.

The Third Circuit has directed that, "generally, a district court should not sua sponte dismiss a complaint for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without providing an opportunity for the plaintiff to amend the complaint." Peeples v. Citta, No. 12-2389, 2012 WL 4857185, at *2 (3d Cir. Oct. 15, 2012). However, granting a plaintiff the opportunity to amend the complaint is not required where it would prove "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal for failure to state a claim for which relief may be granted, the district court must offer the opportunity to amend unless it would be

5

inequitable or futile).  We are cognizant of these holdings, but find that allowing for amendment by Plaintiff in this case would be futile.  Plaintiff provided a very thorough account of the incident within the Complaint.  We do not agree that the facts support Plaintiff's claims.  Rather, we find Plaintiff's detailed account exhibits that the search was reasonable and, therefore, did not infringe upon any of Plaintiff's constitutionally protected rights.[1]  Thus, a careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his pro se status, fails to state any claims under § 1983 for which relief may be granted.

An appropriate Order follows.

---

[1] Accordingly, we deny Plaintiff's Motion for the Appointment of Counsel in light of our finding that Plaintiff's claim lacks merit.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (finding that a plaintiff's claim must have merit in fact or law to begin the appropriate analysis as to the appointment of counsel).